O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ILANA MASSI, an individual, | ) | Case No. CV 14-08409 DDP (PLAx) |
| Plaintiff, | ) ) ) | **ORDER DENYING DEFENDANT'S MOTION** |
| v. | ) ) | **TO TRANSFER VENUE** |
| MARRIOTT INTERNATIONAL, INC. dba WALEA BEACH MARRIOTT RESORT & SPA, | ) ) ) ) | [Dkt. No. 23] |
| Defendants. | ) ) | |

Presently before the court is Defendant's motion to transfer venue to the United State District Court for the District of Hawaii pursuant to 28 U.S.C. § 1404(a).

**I.  Background**

Plaintiff alleges that on July 26, 2014, she slipped and fell while walking on the tile floor of her hotel room at the Wailea Beach Marriott Resort & Spa located in Maui, Hawaii.  Plaintiff's Complaint alleges that Defendant negligently maintained the hotel premises, which resulted in her falling and sustaining over $100,000 in injuries. (Complaint, ¶¶ 13-15.) Plaintiff filed suit in this court because she resides in and her primary treating

physician has his office in, this judicial district.  Defendant now moves to transfer this case to Hawaii for the convenience of witnesses.

**II.  Legal Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Transfer is appropriate when the moving party shows: (1) venue is proper in the transferor district court; (2) the transferee district court has personal jurisdiction over the defendants and subject matter jurisdiction over the claims; and (3) transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F.Supp. 503, 506 (C.D.Cal. 1992).

A court ruling on a motion to transfer must balance the convenience of parties and witnesses, and the interests of justice. 28 U.S.C. § 1404(a).  The court may also consider the following factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

**III. Discussion**

Under 28 U.S.C. § 1391(b), venue is proper in a judicial district in which any defendant resides; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  An entity such as Defendant is deemed, if a defendant, to reside in any district in which it is subject to the court's personal jurisdiction with respect to matter at issue. There does not appear to be any dispute that this case could be transferred to Hawaii.  The only question remaining is whether such transfer would be convenient to the parties and witnesses and promote the interests of justice.

(A)   Convenience of the Witnesses

Defendant's witnesses, including hotel employees and physicians and nurses who treated Plaintiff immediately after the incident, reside in Hawaii.  Plaintiff's witnesses, including her primary care physician, family, and friends, reside in California. Both parties argue that witnesses will be greatly inconvenienced if the case is not tried in their respective states of residence. When a transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. In re Volkswagen of America, Inc., 506 F.3d 376, 384 (5th Cir. 2007). Here, a transfer would merely shift the inconvenience from Plaintiff to Defendant.

///

///

3

    (B)  Interests of Justice

Although access to some sources of proof might be somewhat easier in Hawaii, Plaintiff would likely have a difficult time compelling the attendance of third-party witnesses. The only factor clearly weighing in favor of transfer to Hawaii is that it is the location of the events that gave rise to this cause of action. On balance, and considering Plaintiff's choice of forum, the interests of justice do not favor transfer to Hawaii.

## IV. Conclusion

Neither the convenience of the parties nor the interests of justice weigh in favor of transfer to the District of Hawaii. Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: January 21, 2016

DEAN D. PREGERSON
United States District Judge